UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

09 CIV 4484

---------------------------------------------------X

UNITED FOOD IMPORTS, INC.

Civil Action No.

Plaintiff,

v.

**COMPLAINT**

OROUBA AGRIFOODS PROCESSING
COMPANY,

Defendant.

---------------------------------------------------X

RECEIVED
MAY 11 2009
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff United Food Imports, Inc., by and through its undersigned counsel, for its

Complaint against defendant Orouba Agrifoods Processing Company states and alleges

as follows:

1.   This is a case of trademark infringement and unfair competition under the

Lanham Act, 15 U.S.C. § 1051 et seq.

## PARTIES

2.   Plaintiff United Food Imports, Inc. ("plaintiff") is a well known wholesale distributor

of packaged food products imported from Egypt.  Plaintiff markets and sells its

products primarily to the Middle Eastern community residing in the United States.

3.   Plaintiff's products are sold under its well known trademark BASMA, which

plaintiff has exclusively used in the United States since 1998.  A photograph of

the packaging used plaintiff is attached hereto as **Exhibit 1**.

4.   Upon information and belief, defendant Orouba Agrifoods Processing Company

("defendant") is an Egyptian joint stock company.

1

5.  Upon information and belief, defendant has very recently begun exporting its own packaged food products into the United Sates and into this judicial district, which products bear the identical infringing mark BASMA.

6.  This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 et. seq. (the Lanham Act), has jurisdiction over the parties and venue is proper in this judicial district under 28 U.S.C. § 1391.

## PLAINTIFF'S BUSINESS AND TRADEMARK RIGHTS

7.  In 1996, plaintiff's President Mr. Nabil Imam founded a company by the name of Faragalla Food Corp. Faragalla sold packaged Middle Eastern food on a wholesale basis.

8.  Initially, Mr. Imam was selling product under the brand FARAGALLA, which was a trademark that he created.

9.  Soon after Mr. Imam began selling product under his FARAGALLA brand he became aware of the fact that certain customers who were devout Muslims took offense to the brand name believing that the name FARAGALLA was too similar in sound to ALLAH. On that basis, many devout Muslims refused to purchase Mr. Imam's products.

10. Upon learning of this fact, Mr. Imam naturally decided to change his brand name.

11. The name which he and his wife ultimately coined to replace FARAGALLA was BASMA. Mr. Imam chose BASMA, an Arabic word which means smile in English, because he thought that it was pleasant sounding and would not be offensive to anyone of the Muslim faith.

2

12.    In accordance with the provisions of the Lanham Act, plaintiff subsequently registered its BASMA and design trademark ("BASMA Trademark") in the United States Patent and Trademark Office ("USPTO"), and plaintiff is now the owner of Trademark Registration No. 3,398,369 for the mark BASMA and design.  A true copy of plaintiff's Registration Certificate is attached hereto as **Exhibit 2**.

13.    Plaintiff's BASMA Trademark has now been in exclusive use in the United States for over a decade.  Over the years, consumers and the trade have come to recognize the BASMA Trademark as identifying quality packaged food products produced and sold by the plaintiff.

14.    By reason of the activities described herein, plaintiff owns valuable goodwill associated with the trademark BASMA in the United States.

## PLAINTIFF'S PRIOR RELATIONSHIP WITH DEFENDANT

15.    The consumers of plaintiff's products are primarily residents of Middle Eastern communities in the United States.  Many of these consumers expect and demand that plaintiff's packaged food products are produced according to standard specifications established in Egypt.

16.    In 1996, when Mr. Imam first started his business, one of the first things he did was attempt to find a company in Egypt that was capable of packaging his products according to Egyptian standards.   To find such a company, plaintiff hired a company based in Egypt by the name of ITC.

17.    After a brief search, ITC recommended defendant Orouba Agrifoods Processing Company to plaintiff.

3

18.    On ITC's recommendation, plaintiff began doing business with the defendant.

19.    Plaintiff and defendant never had a written agreement.

20.    Form many years, plaintiff and defendant had a mutually beneficial business relationship. However, in 2004, the relationship between the parties was severed.

21.    After the plaintiff and defendant stopped doing business, plaintiff secured the services of other companies in Egypt that were able and willing to provide similar packaging services as were previously provided by defendant.


## DEFENDANT'S IMPROPER ACTIVITIES IN THE TRADEMARK OFFICE

22.    In 2006, two years after the parties stopped doing business, the defendant sought to challenge plaintiff's trademark rights in the United States Patent and Trademark Office. Specifically, defendant commenced an opposition proceeding against plaintiff.

23.    In its 2006 pleading, defendant falsely claimed that it was the actual owner of plaintiff's BASMA mark.

24.    Plaintiff filed an answer denying defendant's bogus claims. However, defendant thereafter took no further action and its case was dismissed with prejudice. Attached hereto as **Exhibit 3** is a true copy of the order of the Trademark Trial and Appeal Board dismissing defendant's claim with prejudice.

25.    More recently, on March 23, 2009, defendant has again sought to challenge plaintiff's rights in the Trademark Office. However, since this new action alleges the identical facts that were raised in the prior action which was dismissed with

4

prejudice, plaintiff has moved to dismiss this action based on principles of res jusdicata.

## DEFENDANT'S RECENT INFRINGING ACTS

26.     Upon information and belief, defendant having full knowledge of the rights of the plaintiff, has willfully infringed plaintiff's trademark rights by importing, displaying, distributing, and selling in the United States similar products to plaintiff, under the identical mark BASMA.

27.     As shown below, the packaging used by defendant is also identical.





Plaintiff's Packaging                    Packaging Used by Defendant

See also a copy of packaging used by defendant attached hereto as **Exhibit 4**.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

28.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.   This count arises under Section 32 of the Trademark Act of 1946; as amended, 15 U.S.C. § 1114(1).

30.   The unauthorized sale of packaged food products by defendant under a trademark incorporating the term BASMA is likely to cause confusion, or to cause mistake, or to deceive, purchasers in relation to plaintiff's identical BASMA trademark.

31.   The activities of the defendant complained of herein constitute infringement of plaintiff's federally registered BASMA Trademark.

32.   Defendant is not and has never been authorized or licensed by plaintiff to conduct the activities described herein, nor has it received permission from plaintiff to conduct said activities.

33.   By reason of defendant's acts alleged herein, plaintiff has been damaged and unless defendant is restrained from continuing its wrongful acts, the damage to plaintiff, which is irreparable, will increase. The monetary damages to plaintiff, will be, unless defendant ceases its wrongful acts, in excess of $150,000.

34.   Plaintiff has no adequate remedy at law.

## COUNT II
## UNFAIR COMPETITION UNDER THE LANHAM ACT

35. Plaintiff repeats and realleges the allegations contained in paragraph 1 through 34 of this Complaint as if fully set forth herein.

36. This Count arises under Section 43 of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

37. By reason of the foregoing acts of the defendant as alleged herein, defendant has falsely described, represented, and designated the origin of its products.

38. Defendant's activities are likely to cause and have caused confusion amongst the public, and are likely to deceive customers concerning the source of the products supplied by the defendant.

39. Plaintiff has no control over the quality of the defendant's products that are promoted, advertised, and sold under such false and misleading designation of origin, with the result that plaintiff's valuable goodwill in its BASMA Trademark is being damaged.

40. Upon information and belief, defendant will continue to make such false designations of origins for and in connection with its products unless restrained by this court.

41. By reason of the foregoing acts of defendant, as alleged herein, plaintiff is suffering irreparable harm and has been damaged. Since it has no adequate remedy at law, plaintiff seeks a permanent injunction enjoining defendant from promoting, advertising, distributing and selling products under the "BASMA"

7

name, together with damages in an amount thus far not determined, but which is likely, if defendant does not cease its activities, to be in excess of $150,000.

**WHEREFORE**, Plaintiff prays for the following relief:

(1)     That defendant, and all those acting in active concert or participation with it, each and all of them, be enjoined and restrained, during the pendency of this action and permanently, from engaging in or performing any and all of the following:

(A)     Directly or indirectly infringing plaintiff's BASMA Trademark in any manner, including generally, but not limited to, advertising, promoting, distributing and selling products which bear terms which infringe said trademark;

(B)     Using any designation, trademark, trade name, logo or design that tends falsely to represent, or is likely to confuse, misled or deceive purchasers, defendant's customers, or members of the public into believing that unauthorized products promoted originate from plaintiff, or that said products have been sponsored, authorized or licensed by or associated with plaintiff or is in some way connected or affiliated with plaintiff.

(C)     Otherwise infringing plaintiff's BASMA Trademark or competing unfairly with plaintiff any matter or damaging Plaintiff's respective goodwill, reputation or business; and

(2)     That defendant be required to deliver up for destruction all infringing products, promotional material, boxes, labels, packages, containers and all other materials,

8

together with all means, including plates, molds, matrixes etc. for making or reproducing the same pursuant to 15 U.S.C. § 1118 and the common law.

(3)    That damages be awarded to plaintiff in the full amount plaintiff has sustained as a consequence of defendant's acts, together with any and all profits of defendant, which are attributable or arise out of or form such wrongful acts or infringement.

(4)    That statutory damages be awarded to plaintiff.

(5)    That plaintiff recover from defendant all of its litigation expenses, including reasonable attorney fees and costs pursuant to 15 U.S.C. §1117 and all other applicable laws.

(6)    That plaintiff have such other, further or additional relief as this court may deem just and proper.

Respectfully submitted,
GOTTLIEB, RACKMAN & REISMAN
Attorneys for Plaintiff

Dated: May 8, 2009

Richard S. Schurin (RS0199)
270 Madison Avenue 8th Floor
New York, NY 10016
(212) 684-3900

# EXHIBIT 1



Spinach
Cooking instructions

* Keep frozen (no thawing is required).
* Empty the contents into 2 cups of hot soup then leave to boil.
* Cook like fresh Spinach.
* Do not refreeze after thawing.
* Free from any preservatives or chemical substances.

المكوّنات الطبيعية لكل ١٠٠ جرام
Nutrition Facts:per 100g serving

سعرات حرارية ٣٦ ك كالوري
Calories 36 K Cal.

| | | | |
|---|---|---|---|
| Fat | .0.03 g | ٠٫٠٣جم | دهون |
| Carbohydrate | 7 g | ٧جم | كربوهيدرات |
| Fiber | 2.7 g | ٢٫٧جم | ألياف |
| Protein | 1.3 g | ١٫٣جم | بروتين |
| Sodium | 25 mg | ٢٥ ملجم | صوديوم |
| Sugars | 0.8 g | ٠٫٨جم | سكريات |
| Calcium | 93 mg | ٩٣جم | كالسيوم |
| Vitamin C | 2.2 mg | ٢٫٢ مجم | حديد |
| Vitamin A | 8000 IU | ٨٠٠٠ وحده دولية | فيتامين أ |
| Vitamin C | 25 mg | ٢٥ مجم | فيتامين ج |

سبانخ
طريقة التحضير

* يتم طهيهـا مبـاشـرة وهـى مجمدة.
* يتم إضـافة ٢ كوب شـوربة مغلية إلى محتويـات الكيس ثم تتـرك لتغلى.
* يتم طهيّها بنفس طرق طهى السبانخ الطازجة.
* لا تعيد التجميد بعـد إذابتهـا.
* خـالية من أى مواد حافظة أو كيماوية.

٤٠٠ جرام



8 54832 00124 3

Produced in Egypt according to the Egyptian standard specifications no:
1681 / 2005 Exclusively :
united food
3Chris Court, Dayton, N.J. 08810
Tel.:732 355 9600
fax:732 355 9644
**Production Date:**

صنع فى مصر طبقـا للمواصفات القياسية المصرية رقم ١ - ق - م.م ١٦٨١/٢٠٠٥ معيـا خصيصـا لشركـة يونايتدفـود



خـالية من أى مواد حافظة أو كيماوية
Free From any preservatives or chemical substances.

تحفظ فى درجة حرارة -١٨ °م
Store at -18° C

# EXHIBIT 2

Int. Cl.: 29

Prior U.S. Cl.: 46

## United States Patent and Trademark Office

Reg. No. 3,398,369
Registered Mar. 18, 2008

## TRADEMARK
### PRINCIPAL REGISTER



UNITED FOOD IMPORT (NEW JERSEY COR-
PORATION)
3 CHRIS COURT
SUITE K
DAYTON, NJ 08810

FOR: FROZEN FRUIT AND VEGETABLES,
NAMELY, OKRA, MOLOKHIA, ARTICHOKES,
GREEN PEAS, GREEN BEANS, MIXED VEGETA-
BLES, CAULIFLOWER, COLCASSIA, ALSO
KNOWN AS TARO ROOT, GREEN SPINACH,
BROAD BEANS VINE LEAVES ALSO KNOWN AS
GRAPE LEAVES, FALAFEL, BROCCOLI, STRAW-
BERRIES, SWEET CORN, CARROTS, CORIANDER,
GARLIC, POTATOES, IN CLASS 29 (U.S. CL. 46).

FIRST USE 1-1-1998; IN COMMERCE 1-1-1998.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "GREEN MOLOKHIA" AND THE
"PHOTOGRAPH OF GREEN LEAFY VEGETABLES"
AND "400G", APART FROM THE MARK AS
SHOWN.

THE COLOR(S) GREEN, RED AND YELLOW IS/
ARE CLAIMED AS A FEATURE OF THE MARK.

THE LEAVES APPEAR IN GREEN. THE WRIT-
ING ON THE PACKAGING APPEARS IN RED. THE
BORDER, OVAL AND RIBBON DESIGNS APPEAR
IN YELLOW.

THE FOREIGN WORDING IN THE MARK
TRANSLATES INTO ENGLISH AS SMILE.

THE NON-LATIN CHARACTER(S) IN THE
MARK TRANSLITERATES INTO BASMA, AND
THIS MEANS SMILE IN ENGLISH.

SER. NO. 78-421,214, FILED 5-19-2004.

INGA ERVIN, EXAMINING ATTORNEY

# EXHIBIT 3

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

mc

Mailed:  February 12, 2008

Opposition No. 91172895

Orouba Agrifoods Processing
Company

v.

United Food Import

On December 29, 2007, the Board sent an order to show cause under Trademark Rule 2.128(a)(3) regarding opposer's failure to file a brief on the case.

Inasmuch as no response has been received, judgment is hereby entered against opposer under Trademark Rule 2.128(a)(3), and the opposition is dismissed with prejudice.

*By the Trademark Trial and Appeal Board*

# EXHIBIT 4



## Green Melokhin
### Cooking Instructions

- Keep frozen (no thawing is required).
- Empty the contents into 2 cups of hot soup then leave to boil.
- Cook like fresh Molokhia.
- Do not refreeze after thawing.
- Free from any preservatives or chemical substances.

## Des Gombos (Mlukhiyya) Verts
### Méthode de préparation

- Cuits directement congelés.
- Deux verres de soupe bouillie sont ajoutés au contenu du sac après on les laisse bouillir.
- Cuits comme les mlukhiya frais.
- Non congelé après la dissolution.
- Exempt des matières conservation ou chimiques.

## Molokheya Verde
### Istruzioni per cucinare

- Tenere direttamente quando congelati (senza disgelare).
- Aggiungere due tazze di minestra bollita al contenuto, poi lasciare bollire.
- Cucinare allo stesso modo di cucinare molikhia fresca.
- Non congelare dopo il disgelo.
- Senza nessuna sostanza conservativa o chimica.

## Grüne Molukheja (Mlokraut)
### Zubereitung:

- Wird direkt nach tiefgekühlt gekocht.
- Der Tüteninhalt wird tiefgefroren in kochende Suppe (2 Gläser) gegeben und unter kleiner Flamme weitergekocht.
- Wird genauso gekocht wie frische Molukheja.
- Nach der Auftauung nicht nochmals einfrieren.
- Frei von Konservierungsmitteln oder chemischen Mitteln.



OROUBA

خالي من أي مواد حافظة أو كيماوية
Free from any preservatives or chemical substances.

Store at -18°C

**Produced in Egypt according to the Egyptian standard specifications no:** 1681:2005 By: Orouba Agrifoods Processing Co. Obour City Section no:3 Tel. 466 50 220 Fax: 466 50 227

6 223000 370223

PRO. 02.02.2009
EXP. 02./2011
OCEAN EXPRESS MARINE USA
TEL.732-381-8001

Nutrition Facts per 100g (aprox.)

| | |
|---|---|
| Calories 42 KCal | |
| Fat | 0.02g |
| Carbohydrate | 6.5 g |
| Fiber | 1.3g |
| Protein | 1.7 g |
| Sodium | 45 mg |
| Calcium | 115 mg |
| Iron | 1.9 mg |
| Vitamin C | 16 mg |
| Vitamin A | 12500 IU |

Express
04-0088